UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| SHARON MARIE WINSTON, | : | CASE NO. 15-66160-JRS |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND DEBTOR UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Sharon Marie Winston ("**Ms. Winston**"), by and through undersigned counsel, and files this *Motion for Order Authorizing Settlement Between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2. On August 25, 2015 ("**Petition Date**"), Ms. Winston filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy

14626859v1

Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), Chapter 7 Case No. 15-66160-JRS (the "**Bankruptcy Case**").

3. Trustee was appointed and remains the duly acting Chapter 7 Trustee for the Bankruptcy Estate.

4. On September 30, 2015, Trustee conducted and concluded the meeting of creditors, held under 11 U.S.C. § 341 (a).

5. On Ms. Winston's *Schedule A – Real Property*, Ms. Winston scheduled an interest in that certain real property with a common address of 1117 Berry Hill Drive, Lithonia, GA 30058 (the "**Property**") with a scheduled interest in the property of $102,200.00. [Doc. No. 1 at Page 14 of 43]. Upon information and belief, Ms. Winston owns a one-half interest in the Property.

6. On Ms. Winston's *Schedule D – Creditor's Holding Secured Claims*, Ms. Winston scheduled a claim by Wells Fargo for $106,000.00 secured by the Property. [Doc. No. 1 at Page 19 of 43].

7. Ms. Winston has not claimed an exemption in the Property, but Trustee has determined that the Bankruptcy Estate's interest (the "**Interest**") in the Property has a value of approximately $10,000.00 to $15,000.00 after accounting for: (a) the costs of a sale (i.e., broker's commission); (b) Ms. Winston's available but unclaimed exemption; (c) litigation with the co-owner under Section 363(h); and (d) payment to the Wells Fargo for its first position security interest.

8. On Ms. Winston's *Schedule B – Personal Property*, Ms. Winston scheduled an interest in a Whole Life Insurance Policy (Policy No. xxx-282-239) (the "**Policy**") with a value of $15,000.00, and she scheduled an alleged interest in a 401k account (the "**Alleged 401k**")

with a value of $15,000.00. [Doc. No. 1 at Pages 15-16 of 43].

9. Pursuant to *Schedule C - Property Claimed as Exempt* ("**Schedule C**"), Ms. Winston claimed an exemption in the cash value of the Policy in the amount of $8,230.00 under O.C.G.A. § 44-13-100(a)(6) (the "**Life Insurance Exemption**").

10. Trustee has determined that the current cash value of the Policy is $32,143.90 ("**Cash Value**"). As a result, the current non-exempt value of the Policy for the Bankruptcy Estate is $23,913.90.

11. Ms. Winston also claimed an exemption in the Alleged 401k of $15,000.00 under O.C.G.A. § 44-13-100(a)(2.1) (the "**401k Exemption**").

12. Ms. Winston would like to waive and disclaim her Life Insurance Exemption in exchange for the Trustee's abandoning the Interest in the Property such that the full amount of the Cash Value shall be free for Trustee to distribute to holders of valid, timely filed claims under 11 U.S.C. § 726.

**The Proposed Settlement**

13. Following negotiations, Trustee and Ms. Winston (collectively, the "**Parties**") have entered into a settlement agreement to resolve the issues raised by Trustee as to Ms. Winston's claimed exemptions (the "**Exemption Issues**"). A true and correct copy of that agreement is attached to this Settlement Motion and incorporated herein by reference as Exhibit "A" (the "**Settlement Agreement**"). The material terms of the Settlement Agreement follow:[1]

   a. Within five (5) business days of the Settlement Approval Order becoming final, Ms. Winston shall liquidate or reduce (the "**Liquidation**") to money the Policy and transfer (the "**Transfer**") to Trustee $32,143.90 ("**$32,143.90 in Cash**") from the cash value of the Policy by delivering a

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

        check to Trustee in the amount of $32,143.90 in good funds made payable as follows "S. Gregory Hays, Trustee (Winston)". Following the Transfer, Trustee and Ms. Winston stipulate and agree that the $32,143.90 in Cash shall be property of the Bankruptcy Estate and be free and clear of any claim by, or interest of, Ms. Winston.[2]

b. Effective upon the Settlement Approval Order becoming final, Ms. Winston waives any and all obligations that the Bankruptcy Estate may otherwise have to pay to Ms. Winston on account of exemptions asserted by or on behalf of Ms. Winston, if any, in the Cash Value of the Policy. For avoidance of doubt, within ten (10) business days of the Settlement Approval Order becoming final, Ms. Winston shall amend her claimed exemptions (the "**Exemption Amendment**") to claim a $0.00 exemption in the Cash Value of the Policy.

c. The Parties stipulate and agree that Ms. Winston shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of the Transfer, or for any reason, and that neither Ms. Winston nor any of her affiliates, agents, or principals shall receive a distribution from the Bankruptcy Estate.

d. The Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the Transfer in the amount of $32,143.90 from Debtor in good funds; or (b) the Settlement Approval Order becoming final.

## Relief Requested

14. Trustee requests an order from the Bankruptcy Court approving the Settlement Agreement.

## Basis for Relief

15. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S.

---

[2] Capitalized terms not defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

16. The proposed settlement between Trustee and Ms. Winston is the product of arm's-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

17. Given the potential time and expense of litigating the Exemption Issues, and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of Trustee's business judgment and in the best interests of the Bankruptcy Estate. The proposed Settlement

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

5

14626859v1

Agreement allows the Bankruptcy Estate to avoid the costs of a sale of the Property and litigation with the co-owner under Section 363(h). In summary, the proposed Settlement Agreement represents an advantageous result for the Bankruptcy Estate and clearly falls within the range of reasonableness required under *Justice Oaks*. And, Trustee estimates that the proposed settlement will allow him to make a meaningful distribution to unsecured creditors.

18. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order:

a) granting this Settlement Motion;

b) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and

c) granting to Trustee such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 4th day of February, 2020.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

6

14626859v1

**EXHIBIT "A" FOLLOWS**

14626859v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made and entered into as of this 30 day of January, 2020 (the "**Effective Date**"), by and between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Sharon Marie Winston ("**Ms. Winston**") an individual resident of the State of Georgia.

### Background

1. On August 25, 2015 ("**Petition Date**"), Ms. Winston filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), Chapter 7 Case No. 15-66160-JRS (the "**Bankruptcy Case**").

2. Trustee was appointed and remains the duly acting Chapter 7 trustee for the Bankruptcy Estate.

3. On September 30, 2015, Trustee conducted and concluded the meeting of creditors, held under 11 U.S.C. § 341 (a).

4. Ms. Winston's *Schedule A – Real Property*, Ms. Winston scheduled an interest in that certain real property with a common address of 1117 Berry Hill Drive, Lithonia, GA 30058 (the "**Property**") with a scheduled interest in the property of $102,200.00. [Doc. No. 1 at Page 14 of 43].

5. Ms. Winston's *Schedule D – Creditor's Holding Secured Claims*, Ms. Winston scheduled a claim by Wells Fargo for $106,000.00 secured by the Property. [Doc. No. 1 at Page 19 of 43].

6. Ms. Winston has not claimed an exemption in the Property, but Trustee has determined that the Bankruptcy Estate's interest (the "**Interest**") in the Property has a value of approximately $10,000.00 to $15,000.00 after accounting for: (a) the costs of a sale (i.e., broker's commission), (b) Ms. Winston's available but unclaimed exemption, and (c) payment to the Wells Fargo for its first position security interest.

7. Ms. Winston's *Schedule B – Personal Property*, Ms. Winston scheduled an interest in a Whole Life Insurance Policy (Policy No. xxx-282-239) (the "**Policy**") with a value of $15,000.00, and she scheduled an alleged interest in a 401k account (the "**Alleged 401k**") with a value of $15,000.00. [Doc. No. 1 at Pages 15-16 of 43].

8. Pursuant to *Schedule C - Property Claimed as Exempt* ("**Schedule C**"), Ms. Winston claimed an exemption in the cash value of the Policy in the amount of $8,230.00 under O.C.G.A. § 44-13-100(a)(6) (the "**Life Insurance Exemption**"). Trustee has determined that the current cash value of the Policy is $32,143.90 ("**Cash Value**"). As a result, the current non-exempt value of the Policy for the Bankruptcy Estate is $23,913.90.

9.   Ms. Winston also claimed an exemption in the Alleged 401k of $15,000.00 under O.C.G.A. § 44-13-100(a)(2.1) (the "**401k Exemption**").

10.   Ms. Winston would like to waive and disclaim her Life Insurance Exemption in exchange for the Trustee's abandoning the Interest in the Property such that the full amount of the Cash Value shall be free for Trustee to distribute to holders of valid, timely filed claims under 11 U.S.C. § 726.

11.   Following negotiations, Trustee and Ms. Winston (collectively, the "**Parties**") have reached an agreement to resolve the issues related to Ms. Winston's claimed exemptions (the "**Exemption Issues**").

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Exemption Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as to the Exemption Issues as follows:

   a.   *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee agrees to prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

   b.   *Liquidation and Transfer of Portion of Life Insurance Policy Cash Value to Trustee.* Within five (5) business days of the Settlement Approval Order becoming final, Ms. Winston shall liquidate or reduce (the "**Liquidation**") to money the Policy and transfer (the "**Transfer**") to Trustee $32,143.90 ("**$32,143.90 in Cash**") from the cash value of the Policy by delivering a check to Trustee in the amount of $32,143.90 in good funds made payable as follows "S. Gregory Hays, Trustee (Winston)". Following the Transfer, Trustee and Ms. Winston stipulate and agree that the $32,143.90 in Cash shall be property of the Bankruptcy Estate and be free and clear of any claim by, or interest of, Ms. Winston.

   For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such

affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

c. *Waiver of Exemption in Cash Value of Policy.* Effective upon the Settlement Approval Order becoming final, Debtor waives any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor on account of exemptions asserted by or on behalf of Debtor, if any, in the Cash Value of the Policy. For avoidance of doubt, within ten (10) business days of the Settlement Approval Order becoming final, Ms. Winston shall amend her claimed exemptions (the **"Exemption Amendment"**) to claim a $0.00 exemption in the Cash Value of the Policy.

d. *Full Disclosure of Insurance Policies.* Ms. Winston represents and warrants to Trustee that Ms. Winston has disclosed in her bankruptcy disclosure forms all of her ownership interests in any life insurance policies.

e. *No Section 502(h) Claim.* The Parties stipulate and agree that Ms. Winston shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of the Transfer, or for any reason, and that neither Ms. Winston nor any of her affiliates, agents, or principals shall receive a distribution from the Bankruptcy Estate.

f. *Abandonment of the Property.* The Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the Transfer in the amount of $32,143.90 from Debtor in good funds; or (b) the Settlement Approval Order becoming final.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Ms. Winston, and any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the

drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Ms. Winston, but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed delivered: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the Parties as follows:

(a) *If to Trustee*:

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
michael.bargar@agg.com (electronic mail)

(b) *If to Ms. Winston*:

>Lauren A. Drayton
>The Semrad Law Firm, LLC
>303 Perimeter Center North, #201
>Atlanta, GA 30346
>678-668-7176
>ldrayton@semradlaw.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

[INTENTIONALLY LEFT BLANK]

      To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the date first set forth above.

**TRUSTEE**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: /s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
404-873-7030

Dated: 1/30/2020

THE SEMRAD LAW FIRM, LLC
*Attorneys for Ms. Winston*

By: /s/ Lauren A. Drayton
Lauren A. Drayton
Georgia Bar No. 876061
ldrayton@semradlaw.com
303 Perimeter Center North, #201
Atlanta, GA 30346
678-668-7176

Dated: 1·30·2020

S. Gregory Hays
Trustee

1-30-2020

# CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement Between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States Mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305

Sharon Marie Winston
1117 Berryhilll Drive
Lithonia, GA 30058

Lauren A. Drayton
The Semrad Law Firm, LLC
303 Perimeter Center North, #201
Atlanta, GA 30346

This 4th day of February, 2020.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Bargar*
　　　　　　　　　　　　　　　　　　　　　　　Michael J. Bargar
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 645709

14626859v1